J. MICHAEL SCHAEFER,
3930 Swenson St. #103
Las Vegas, NV 89119
Plaintiff Pro Se
(213)479-6006



FILED          RECEIVED
ENTERED        SERVED ON
COUNSEL/PARTIES OF RECORD

OCT 1 9 2015

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:_____ DEPUTY

## UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

J. MICHAEL SCHAEFER,
          Plaintiff
V.

STEPHEN HUNDLEY; PAUL VALDEZ
          Defendants

2:15-cv-02017-RFB-VCF

COMPLAINT FOR
MONEY DAMAGES

---

### JURISDICTION AND PARTIES

Jurisdiction is grounded on 28 U.S. Code sec. 1332 in that this action involves damages of more than $75,000 exclusive of interest and costs and is between citizens of different states.

Plaintiff is a resident of the State of California and the State of Nevada, as to his voting residence in California and his business and only commercial office in Nevada; all acts or omissions giving rise to this action took place within the **State of Nevada** and involve commercial rentals at 937 North Main St., Tonopah, Nevada, plaintiff's assignor Schaefer-Nevada, Inc., an active Nevada corporation, having sold same for $1,400,000 to defendants inactive or defaulted corporation Tonopah Asset Management, Inc., a former Nevada corporation.

*1*

Defendant Stephen Hundley is a resident of the State of Arizona, and defendant Paul Valdez last known permanent address is in the State of Mississippi where his wife and children reside.

Defendants purported to do business on many occasions as officer and/or director of a Nevada corporation, Tonopah Asset Management, Inc. but at all times relevant herein said corporation was inactive or in default and without legal standing within Nevada.   Furthermore, acts and omissions complained of were based on fraud and deceit, outside the scope and course of any authority said defendants might have had with reference to a corporation entity regardless of its status. If the corporation is advanced as a matter of defense, plaintiffs will prove that it cannot be used as a sword but only as a shield, and all acts or omissions of defendants support piercing of said corporate veil to assure that the responsibilities of defendants herein do not escape the policy of the law to encourage candor & discourage thievery, fraud, misrepresentation as is alleged herein as being modus-operandi of named defendants.

Plaintiff is unequivocal and total  assignee of Schaefer-Nevada, Inc., said corporation consisting of shareholders Derek D. Schaefer and Michael R. Schaefer, sons of assignee, having fully assigned its claim as to said defendants herein to plaintiff in consideration of his  year of seeking to effectuate good faith sale to said defendant's corporation, without compensation for his year of vigilance,  plaintiff being thwarted at every opporunity by fraud and deceit practiced by defendants jointly or severally, as will appear herein.  "If an (entity) has validly assigned all if its interest in a claim before an

**2**

action is brought, (entity) is no longer the real party in interest". Beneficial Commercial

Corp. v. Railserv Mgmt Corp.,563 F.Supp. 114, 116(E.D.Pa.1983)

I. FIRST COUNT: (Breach of Contract, Fraud and Deceit)

On or about January 8, 2015, plaintiff as corporation secretary of an active

corporation holding a $1,317,000 first note on said Tonopah Apartments in Nye and

Esmeralda County, Nevada, met with defendant Valdez and entered into an agreement

whereby $9,000 monthly payments would be waived for 3 months, or $27,000, in

exchange for amicable surrender to lienholder Schaefer-Nevada, Inc. on April 1, 2015

of all real and personal property associated with the Tonopah Apartments; said

agreemenet signed by defendant Valdez on behalf of his defaulted corporation and his

50-50 partner defendant Hundley. Please see Exhibit A. Hundley in February and in

March affirming said agreement by referencing it and assuring plaintiff by repeated

emails that "we will be out by April 1 and taking only our personal possessions, not any

business property". (Hundley held possession till August 20, 2015, and took substantial

fixtures and/or business property with him).

Defendants had a duty to speak the truth, breached that duty with fraud and

deceit, proximately causing damages in the sum of $9,000 monthly admitted owed by

defendants defaulted corporation to lienholder(plaintiff's assignee of this claim), the

property not being surrendered until August 20, 2015, resulting in 8 months of $9,000

non=payment [with 100% of rental revenues, estimated at $25,000 monthly,

being seized and retained by defendants defaulted entity and/or its investors,

defendants herein], for damages of $72,000 plus 3% late fees of $270 monthly plus

3

accruing unpaid interest on unpaid amounts at 6% contract rate.

Defendants, jointly or severally, further removed not less than 30 working airconditioning and heating units from some of the more than 100 one and two bedroom rentals, said appliances having value of $500 each, transporting same to the State of Arizona for liquidation without accounting to anyone, in a criminal act of grand theft being investigated by the District Attorney, Nye County, damages estimate $15,000.

Plaintiff's assignor has furthermore incurred attorney fees of not less than $10,000 to obtain judicial relief as to plaintiff's assignor's recovery of premises, leaving plaintiff's assignor with a property with not less than $10,000 in unpaid real estate taxes and water-sewer and propane and related operating expenses, damages not less than $97,000, according to proof at trial herein.

## II. SECOND COUNT:  (Breach of Implied Covenant of Good Faith)

In every Nevada contract there is an implied covenant of good faith that requires the parties to deal fairly with one another, and to not act to defeat the reasonable expectations of the other party.

Defendants and each of them, as officer or director of defaulted corporation, or as 50-50 shareholders in their defaulted corportation, in a quest of criminality inconsistent with the lawful scope and course of their duties to their defaulted corporation, breached said implied covenant proximately causing damages to plaintiff's assignor, the whole of said claim now being an asset of plaintiff herein for valuable consideration exchanged.   Their tortious acts and omissions proximately damaged

4

plaintiff's assignor, and by derivation, plaintiff herein, in an amount not less than

**$97,000.** Plaintiff and his assignor being ignorant of such activies until recovery.

Defendant Hundley, as perceived operations control person for all of 2015,

acted *wilfully and maliciously* in misrepresentations in pleading, making numerous

totally false accusations including

(a)that his signing-partner for their defaulted corporation was on 90% drug-disability from the US AirForce, wherein he was a retired Major and former administrator of a USAF Hospital in Mississippi, that plaintiff's assignor and plaintiff knew this was the case an sought to take advantage of defendant Valdez allegedly drugged-up at the time he executed **Exhibit A:**

(b)that plaintiff, secretary and treasurer of assignor corporation, assaulted Major Valdez at the Pahrump, Nv. courthouse;

(c)that defendants and/or their defaulted corporation has borrowed several hundred dollars from family and friends, unsecured, utilized to upgrade and renovate the Tonopah Apartments, and that sellers/lenders, assignor corporation, had agreed to discount the $1,317,000 first mortgage note dollar for dollar for their outlays, when in fact there was no such borrowing, no upgrading or renovation, it being the modus-operandi of controlling manager defendant Hundley to milk said property for all it was worth in sort of a 'scorched earth' policy characterizing his abandonmennt of same to plaintiff's assignor about August 20, 2015.

(d)that plaintiff's assignor had agreed that said $1,317,000 first mortgage no longer had any balance due to (i)credits for ficitious alleged renovation and upgrading, (ii)credit against principal for all of the mortgage payments made in 2012, 2013, 2014, even though said payments were mostly "interest" and small balance "principal" reduction;

(e)that plaintiff's assignor, and first and only lender, were "taking advantage of a wounded-warrier" in all their dealings with Major Valdez, President and Treasurer of the defaulted purchasing corporation Tonopah Asset Management, Inc..

(f)that the 2004 Town & Country Courtesy Van, purchased for Tonopah Apartments for $15,000 used, was still on the property, or was gone for a couple years having been trashed when engine blew up on a trip from Tonopah to Las Vegas, truth be told said vehicle was sold by Tonopah Asset Management, Inc. with FORGED signature of plaintiff herein(who was identified as "owner" of Tonopah Asset Management, Inc., the defendants 50-50 owned defaulted corporation).



(g)obtaining a Protective Order from Justice Court banning plaintiff, as secretary-treasurer of first lender Schaefer-Nevada, Inc., 3/30/15, from coming on the premises with <u>stated intent to evaluate condition of the exterior premises and interiors of unoccuped apartments</u> so the amount of money needed to have a marketable rental property could be determine; said defendant Hundley swearing to said Court that the "visit was to terminate the home and job of said Hundley and his assistant on premises". There being no truth in Hundley statements. The Court granting the Order for 30 days, as is normal for protection from unlawful violence.

Defendant Hundley should be held by way of exemplary or punitive damages to dissuade such criminal and outrageous conduct in the future, in amount not less than $100,000.

WHEREFORE, plaintiff demands as to Count I judgment in the sum of $97,000 against defendants, and each of them, and as to Count II, judgment in the sum of $97,000 plus interest on amounts, as to defendants, and as to defendant Hundley, additional punitive damages of $100,000.

Plus costs of suit and such further relief as appears just in the premises.

Respectfully submitted,

J. MICHAEL SCHAEFER, Plaintiff Pro Se

**VERIFICATION:**

J. Michael Schaefer declares under penalty of perjury the foregoing to be true of his personal knowledge, he being competent to so testify if called upon as a witness.

Executed 10/19/15 at Las Vegas, NV._____

**J.MICHAEL SCHAEFER, J.D.**

3930 Swenson St. #`103

Las Vegas, NV 89119   Tel. 213 479 6006   E: oz.blueman@yahoo.com

January 8, 2014

**RE: MARKETING OF PROPERTY AND ENFORCEMENT OF BILL PAY**

Paul Valdelz, principal of forfeited Tonopah Asset Managemenete Co.,
has no interest in being on-site manager of the property after April 1, 2015
and he has no objection to sellers, the Schaefer family, advertising and
seeking successor management, or a new investor, and agrees tp provide,
by his staff, full access to books, records, and problems of the business, to
any person interested in becoming manager, or interested in purchase of
the property.

He represents that monthly gross rents are between $18,000 and $36,000
depending on the local economy.

He acknowledges that rentals for Jan. Feb. and March are received in trust
for following purposes:

a. paying current all bills includin Esmeralda and Nye County real estate
taxes thorugh March 31, 2015, the 3rd quarter, estimated at $5500, and all
utility accounts,, and Security Deposit Refund account or statement as
these funds are held by management for refund to existing tenants and to
extend not returned to existing tenants, need to be provided to new
management to administer.    That if the real estate taxes and utility bills
are not paid current, this is a breach of this agreement and lenders can be
expected to demand possession as of 2/1/15 with rents for Jan. Feb. March
to go (a)to payment said bills, (b)any new management costs, (c)security
deposit refund account or set-aside statement of funds, (d)balance to Paul
Valdez for his return on investment.

_____ for Paul Valdez, investors, associates
_____ for Schaefer family

1

RE: TONOPAH APARTMENTS, 937 N. Main St. Tonopah, Nevada, rental units situate in Esmeralda and Nye Counties, State of Nevada, vested in Tonopah Asset Management Inc

LENDER, Schaefer-Nevada, Inc., whose principals are Derek D. and Michael R. Schaefer and their POA J. Michael Schaefer, and BORROWER, Tonopah Asset Management, Inc. whose principal is Paul Valdez, agree as follows:

Borrowers are in default on their performance, occasioned by boom or bust economy and unexpected problems of being in business is a rural comunity.  Borrower is not able to perform as required by their agreements.

Lenders do not wish adversary proceedings by way of foreclosure or judicial action for a Trustee or Receiver to protect the interests of parties, tenants, vendors, and the local community;  parties and their principals release each other from further liability except as to identified obligations and expenses herein for period extending to 3/31/15.

Parties agree to the following amicable resolution:

1. Apartment management will cease as of 4/1/15 as to Tonopah Asset Management and/or its employees, officers, investors, directors.

2. Borrowers agree to diligently operate the business through March 31, 2015 without obligation to pay mortgage debt, but with obligation to pay all opereating expenses through March 31.2015 and **real estate taxes** due/accruing thourhg March 31, 2015. **estimated at $5,000**.

3, All personal property existing at time Schaefer-Nevada Inc. surrendered operation and management, plus replacements and additions, other than personal property of any staff member or management person, to remain with the property.

4. Parties are aware that corporation entity, as to lender and as to borrower, as to buyer and as to seller, are in default and entity status is forfeited, with named principals having personal responsibility as to rights and obligations herein.

5. Current management will preserve and protect all operational and other records helpful to sound management for evaluation an daction by lender as successor mananger.

_____ Paul Valdez, for borrowers

_____ J. Michael Schaefer, for lenders

1