Stephen Hundley

3685 Stewart Mountain Road

Golden Valley, AZ, 86413

Phone: 702-748-3494

Email: Shundley792015@gmail.com



FILED
ENTERED
RECEIVED
SERVED ON
COUNSEL/PARTIES OF RECORD

NOV 18 2015

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:_____DEPUTY

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

J. Michael Schaefer, Pro Per

      Plaintiff,

    Vs

Stephen Hundley, Pro Per

Opposing Party

Case No.: 2-15-cv-02017-RFB-VCF

<u>MOTION TO DISMISS</u>:

**FCRP Rule 12:**

A. IMPROPER VENUE;

B. THIS COURT LACKS SUBJECT MATTER

   JURISDICTION;

B. PARTIES NAMED IN SUIT ARE NOT A

   PARTY IN INTEREST;

C. ALLEGED PLAINTIFF NOT QUALIFIED TO

   FILE.

     COMES NOW, the Opposing Party, Stephen Hundley, as Pro Per. The Opposing Party hereby requests this Court Order a Dismissal without Prejudice of alleged Complaint # 2:15-cv-02017-RFB-VCF. In Accord with, US Constitution, Article, IV, Section 2, Clause 1, "The Citizen's of each State shall be entitled to all Privileges and Immunities of Citizens in the several States." In accord with the Nevada Supreme Court Rules and Orders, with special attention given to Nevada Supreme Court Order 36173, Disbarment of J. Michael Schaefer. In accord with FRCP Rule 12 and Rule 19.

The Opposing Party, Stephen Hundley, does not consent to these proceedings thus does not grant jurisdiction to this Court by appearance or answer. Opposing Party, Stephen Hundley, is making a **special appearance** to contest the Jurisdiction of this Court. The Opposing Party does not grant jurisdiction for these proceedings by the acceptance of service. Opposing Party hereby requests a dismissal of alleged Complaint # 2:15-cv-02017-RFB-VCF based upon the arguments mentioned in this Motion to Dismiss.

Complaint #2-15-cv-02017-RFB-VCF is fatally flawed, and thus should be dismissed by this Court. In this motion to dismiss, the Opposing Party, Stephen Hundley, hereby will provide the arguments and the facts to prove grounds for this Complaint #2-15-cv-02017-RFB-VCF to be dismissed.

This Court lacks subject matter jurisdiction, and the Opposing Party intends to prove it in this motion to dismiss. The basis for this motion is set forth in the following memorandum in support of this motion to dismiss. All defenses or arguments raised in this motion are exclusive of any other defenses or arguments and should be considered on the defenses' and arguments' individual face only, judged on the defenses' and arguments' individual merits and applications to Complaint #2-15-cv-02017-RFB-VCF.

Dated _11_ / _16_ / _2015_ .


_S. Hundley_

Stephen Hundley, Pro Per

Opposing Party

Stephen Hundley

3685 Stewart Mountain Road

Golden Valley, AZ, 86413

Phone: 702-748-3494

Email: Shundley792015@gmail.com

J. Michael Schaefer, Pro Per

　　Plaintiff,

Vs

Stephen Hundley, Pro Per

Opposing Party

Case No.: 2-15-cv-02017-RFB-VCF

**MEMORAMDUM IN SUPPORT OF**

**MOTION TO DISMISS:**

COURT LACKS JURISDICTION IN PERSONAM,

JURISDICTION IN REM and SUBJECT MATTER

JURISDICTION:

A.  IMPROPER VENUE; JURISDICTION

B.  PARTIES NAMED IN SUIT ARE NOT A
　　PARTY IN INTEREST

C.  ALLEGED PLAINTIFF NOT QUALIFIED TO
　　FILE.

**Facts:**

1.　　Alleged Plaintiff J. Michael Schaefer is disbarred from practicing Law in the State of Nevada per Nevada Supreme Court Order #36173.

2.　　Alleged Plaintiff J. Michael Schaefer is acting as his own attorney in filing Pro Per, and is barred from doing so by Nevada Supreme Court Order #36173.

3.　　The Las Vegas location of the United States District Court Nevada District of Nevada venue presents an undue hardship for Tonopah, NV witnesses to be called. Roundtrip for witness travel is over 500 miles per day of Court required for each witness.

4.    This Court lacks subject matter jurisdiction due to the wrong parties being named in the Complaint.

5.    Tonopah Asset Management Inc. is the real party in interest in the Tonopah Apartments.

6.    The Tonopah Apartments is located in Tonopah, NV.

7.    Complaint #2-15-cv-02017-RFB-VCF arises over real property that is attached to land in Tonopah, NV.

8.    Alleged Plaintiff J. Michael Schaefer is a resident of the State of Nevada.

9.    Opposing Party Stephen Hundley is a resident of the State of Nevada.

10.    Opposing Party Stephen Hundley is currently on a religious Shabbatt in Golden Valley, AZ.

11.    Opposing Party Stephen Hundley fully intends on returning to the State of Nevada for "domicile" in Las Vegas or Tonopah, NV.

12.    Schaefer-Nevada Inc. is a corporation that resides and is a citizen of the State of Nevada.

13.    Tonopah Asset Management Inc. is a corporation, even if only by estoppel, that resides and is a citizen of the State of Nevada.

14.    Alleged Plaintiff J. Michael Schaefer allegedly has an assignment of interest from Schaefer-Nevada Inc., but provides this Court with No Proof.

15.    Alleged Plaintiff J. Michael Schaefer has a residential condo or "domicile" located at 3930 Swenson St #103, Las Vegas, NV, 89119.

16.    Alleged Plaintiff J. Michael Schaefer recently ran for political office in the State of Nevada, which means that Nevada must be Alleged Plaintiff J. Michael Schaefer's primary residence.

**Arguments:**

**A. Improper Venue; Court Lacks Subject Matter Jurisdiction.**

Stephen Hundley, the Opposing Party, is a citizen of Tonopah, NV, and is currently on a religious Shabbat in Golden Valley, Az. The Tonopah Apartments, which is the subject property of which this dispute arises, is located in the State of Nevada, town of Tonopah, NV.  The Opposing Party has not changed the Opposing Party's address and will seek domicile in Tonopah, NV or Las Vegas, NV upon completion of the Shabbat.

The Alleged Plaintiff, J. Michael Schaefer, per Complaint # 2:15-cv-02017-RFB-VCF, claims that the Alleged Plaintiff, J. Michael Schaefer, is a resident of the State of Nevada. The Alleged Plaintiff, J. Michael Schaefer, admits that, "all acts or omissions giving rise to this action took place within the State of Nevada and involve commercial rentals at 937 North Main St., Tonopah, Nevada." J. Michael Schaefer, the alleged Plaintiff, also admits to assigning the interest of Schaefer-Nevada Inc, a Nevada Corporation, to J. Michael Schaefer.

Stephen Hundley, the Opposing Party, and J. Michael Schaefer, the Alleged Plaintiff, are both residents of the State of Nevada. The subject property, the Tonopah Apartments, for which alleged Complaint # 2:15-cv-02017-RFB-VCF arises is located in the State of Nevada. Both parties, the Opposing Party Stephen Hundley and the alleged Plaintiff J. Michael Schaefer, along with the subject property, the Tonopah Apartments, are located in the State of Nevada. Thus jurisdiction in personam is held by the District Court of Nevada located in Nye County. The jurisdiction in rem is held by Nye County Department 1 Tonopah NV venue.

The alleged Plaintiff does not meet the conditions of 28 U.S. Code sec 1332 due to the fact that the parties named, the Opposing Party Stephen Hundley, and the alleged Plaintiff J. Michael Schaefer, are both citizens and

residents of the State of Nevada. Therefore, the United States District Court of Nevada does not hold jurisdiction in personam over the parties named in alleged complaint # 2-15-cv-02017-RFB-VCF.  The Court of local most government, is the Nye County Department 1 Tonopah, NV Venue Nevada District Court, which would have jurisdiction in personam and jurisdiction in rem over any of these alleged matters.

The alleged Plaintiff, J. Michael Schaefer, attempts to create "complete diversity" via an assignment of the interest of Schaefer-Nevada Inc, a Nevada Corporation. In Kramer v. Caribbean Mills, Inc., the trail Court Stated, "The assignment was "improperly or collusively made" within the meaning of USC §1359. **Such "manufacture" of Federal jurisdiction was the very thing which Congress intended to prevent when it enacted §1359."** *On these grounds alone, Complaint #2-15-cv-02017-RFB-VCF, should be dismissed.*

With the subject property being located in Tonopah, NV, jurisdiction in rem, is held by Nye County Department 1 District Court of the State of Nevada. **In Livingston v. Jefferson, (1811); pg. 1017, 4396 2., the trial Court found, "local action doctrine confined disputes over land to location of land itself due to uniqueness of property and legal inconsistencies of property law."** Complaint #2-15-cv-02017-RFB-VCF arises from a dispute about real property, the Tonopah Apartments, located in Tonopah, NV, and thus is governed by "local action doctrine".

Jurisdiction in personam is also held by Nye County Department 1 District Court of the State of Nevada over the Opposing party Stephen Hundley. Plaintiff "bears the burden of showing that the case is properly before the court at all stages of the litigation." Packard v. Provident Nat'l

Bank, 994 F.2d 1039, 1045 (3d Cir.1993). Plaintiff, J. Michael Schaefer, clearly states in alleged Complaint # 2-15-cv-02017-RFB-VCF that Plaintiff, is a resident of the state of Nevada, with domicile located at 3930 Swenson St. #103, Las Vegas, NV, 89119, which is a residential condo. Complete diversity requires that "no plaintiff be a citizen of the same state as any defendant." Zambelli Fireworks Mfg. Co., Inc. v. Wood, 592 F.3d 412, 419 (3d Cir. 2010). "For a court properly to assume jurisdiction over an action under § 1332, complete diversity must be apparent from the pleadings." Lovestorm v. Bartner, No. 07-cv-4447, 2007 WL 3036837, at (D.N.J. Oct.16, 2007). US District Court District of Nevada is an improper venue and lacks jurisdiction in personam, jurisdiction in rem, thus also, subject matter jurisdiction.

In, Joseph Harris and Sons Inc. v. Van Loan, 23 N.J. 466,469 (1957), the Trail Court stated, "It is axiomatic that a trail court always retains jurisdiction to enforce its orders." The parties lack "Complete Diversity", due to both parties having residence in the State of Nevada. In Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998),the trial court found, "In addition, "complete diversity" must exist between all parties for the court to retain jurisdiction; this means that every plaintiff must be diverse from every defendant." Both Plaintiff, J. Michael Schaefer, and Opposing Party, Stephen Hundley, have business affairs and operations in the state of Nevada. "Although, there is no statutory definition of citizen, with regard to natural persons, federal courts hold that citizenship is equivalent to "domicile" for purposes of diversity jurisdiction." McCormick v. Anderholt, 293 F.3d 1254, 1257 (11th Cir. 2002). J. Michael Schaefer, the alleged Plaintiff, has "domicile" in the state of Nevada, at 3930 Swenson St #103, Las Vegas, NV, 89119. Furthermore, it is "well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of

citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived." Thomas Bd. of Trs., 195 U.S. 207, 211 (1904); see also In re Caterbone, 640 F.3d 108, 111 (3d Cir. 2011).

If one applies the center of gravity test, J. Michael Schaefer, the alleged Plaintiff, claims Nevada as the alleged Plaintiff State of Residence. The alleged Plaintiff has run for multiple elections claiming that the State of Nevada is his home state. Nevada is where J. Michael Schaefer, the alleged Plaintiff, takes part in the illicit behavior of the corporation that bears his name, Schafer Nevada Inc. J. Michael Schaefer has domicile at 3930 Swenson St #103, Las Vegas, NV, as shown on the election forms, when J. Michael Schaefer ran for Nevada State Office. The Court should also factor that J. Michael Schaefer, the alleged Plaintiff, attempts to create "complete diversity" via an assignment.

The United States District Court District of Nevada, would present a hardship for the opposing party due to limiting the opposing party's ability to summons witness testimony from the local area of Tonopah, NV due to the great distance of the Las Vegas location of this Court's Venue. By continuing these proceedings in the improper venue, United States District Court District of Nevada, the Opposing Party's inherent right to present a full and proper substantive defense would be violated by the alleged Plaintiff, J. Michael Schaefer.

Considering that this Court would be deciding matters that are normally heard by the lower Nevada State Courts, violates the conclusion that the trial Court found in Grable & Sons Metal products, Inc. v. Darue Engineering & Manufacturing, "…..and 3.

federal jurisdiction will not disturb "any congressionally approved balance of federal and state judicial responsibilities." Land Disputes, or real property attached to land disputes, typically follow the "local action doctrine".

Thus, the Opposing Party, Stephen Hundley hereby requests that the Court dismiss Complaint # 2-15-cv-02017-RFB-VCF due to:

1. Plaintiff and Opposing Party lack "complete diversity".

2. The United States District Court District of Nevada, located in Las Vegas, NV would violate the Opposing Party's, Stephen Hundley, inherent right to a full and proper substantive defense due to the great hardship witnesses would have in traveling to the Venue, thus limiting the defense of the Opposing Party Stephen Hundley.

3. Alleged Plaintiff, J. Michael Schaefer, attempts to create "complete diversity" via an assignment.

4. This Court would be hearing matters that are normally reserved for and heard by the lower State Courts thus disturbing the congressionally approved balance of Federal and State Courts.

5. Complaint violates the "local action doctrine" due to Complaint #2-15-cv-02017-RFB-VCF arising from real property, the Tonopah Apartments.

Thus this Court lacks subject matter jurisdiction. The Opposing Party, Stephen Hundley has clearly stated a claim, that this Court lacks subject matter jurisdiction, that this Court may grant remedy, a dismissal, for relief.

**B. Parties Named in Suit are not a Party In Interest in the matter.**

In Schane, supra note 5, at 563, the Court held, "The legal concept of corporate personality is one of the most enduring institutions of the law and one of the most widely accepted legal fictions." The Corporate Veil is hard to pierce, and thus the shareholders, officers, and actions must fit into

three categories for the Corporate Veil to be pierced. The Courts have been conservative in the fact, that the Corporate Veil is very difficult to pierce, and a Nevada Corporation all the more difficult to pierce. Veil piercing doctrine has evolved into an equitable doctrine, and one of the main stays of piercing the corporate veil is public policy concerns. Plaintiff, J. Michael Schaefer, presents no public policy concerns in Complaint #2-15-cv-02017-RFB-VCF.

Another factor of the equitable doctrine of Veil Piercing is the purpose of the Corporation. Tonopah Asset Management Inc., the real party in interest, in the Tonopah Apartments, was legally formed for the executive management of the Tonopah Apartments. From formation until final day of management, Tonopah Asset Management Inc. had a legal purpose of managing the asset, and paying its creditors, officers, and sub-contractors. Tonopah Asset Management Inc. provided a valuable public service, in the simple fact, that Tonopah Asset Management Inc. provided an updated, safe, and clean property for the residents of Tonopah, NV to live at. The Corporation, Tonopah Asset Management Inc., at all times, stood on its own.

In Complaint #2-15-cv-02017-RFB-VCF, the Plaintiff attempts to usurp the Corporate Veil, before any proceedings against the Corporation, Tonopah Asset Management Inc., would allow such piercing. There have been no hearings or matters heard by any Court, in which, Tonopah Asset Management Inc. and its officers, the Opposing Party Stephen Hundley, and Paul Valdez, have been found guilty or liable of any of the conditions that would be required to pierce the Corporate Veil. Tonopah Asset Management Inc., regardless of its current status with the state, has always been treated as a Corporation. Therefore the principle of Corporation by Estoppel should be applied in matters regarding Tonopah Asset Management Inc. Alleged Plaintiff J. Michael Schaefer attempts to deny the rights and existence of the Corporation,

Tonopah Asset Management Inc., thus deny the substantive right of the Corporate Veil to the Opposing Party Stephen Hundley, and Paul Valdez. This Court's findings that the Alleged Plaintiff J. Michael Schaefer attempts to set if this action is allowed would be devastating to the economy in its effect on corporations big and small. Hundreds of well accepted case law findings, stating that the Corporation is a legal fiction, and lawfully accepted, would be reversed. J. Michael Schaefer, the alleged Plaintiff, must name the Corporation, and prove the allegations first, before a piercing of the Corporate Veil could exist and stand.

Cf. Krendl & Krendl, Piercing the Corporate Veil: Focusing the Inquiry, 55 DEN. L.J. 1 (1978). The Krendls suggest that "certain "ultimate issues" concern courts in applying the applicable veil-piercing test. These ultimate issues fall into three categories. The first category contains the preconditions which a plaintiff must meet before she can make a veil-piercing case. "Such factors are: dominance of ... a 'subservient corporation' by ... the 'dominant party'; a beneficial interest by the dominant party in the subservient corporation; and an injury to the plaintiff reasonably related to the defendant's dominance of the subservient corporation." Id. at 23. The second category requires the showing of an improper purpose, and the final issue to be resolved involves the balancing of policy considerations." Id. at 23-24.

Therefore, on its face, Complaint #2-15-cv-02017-RFB-VCF, is fatally flawed in naming the wrong parties. The Plaintiff, J. Michael Schaefer, does not present arguments or facts that would allow a piercing of the corporate veil. Plaintiff does not meet any of the conditions that the equitable doctrine of veil piercing. Thus, Complaint # 2-15-cv-02017-RFB-VCF should be dismissed by this Court.

The Opposing Party, has made a claim, for which remedy may be granted by this Court for relief. The Plaintiff has named the wrong parties in this Complaint, and thus the Complaint on its face is fatally flawed, and should be dismissed by the Court.

**C. Alleged Plaintiff, J. Michael Schaefer, a disbarred attorney, is not qualified to file.**

Alleged Plaintiff J. Michael Schaefer is attempting to usurp the need of a Corporation to obtain counsel to file a matter in the Court via an assignment. It is well established case law, that a Corporation, like Schaefer-Nevada Inc. is required to be represented by a licensed attorney at law. Alleged Plaintiff has not shown the Court any notarized and executed documents conveying interest to the alleged Plaintiff. Alleged Plaintiff lacks standing with no interest and no cause for action. As a direct result, the Court lacks cause for action, and this Court lacks subject matter jurisdiction against the Opposing Party Stephen Hundley.

Alleged Plaintiff J. Michael Schaefer, is appearing pro per, which is considered as appearing pro se. That means that J. Michael Schaefer is acting as an attorney, of which he is disbarred in the state of Nevada. Per Nevada Supreme Court ORDER No. 36173 alleged Plaintiff J. Michael Schaefer's prolonged pattern of judicial abuse, precludes J. Michael Schaefer's filing, as an attorney, as a power of Attorney, and Pro Se / Pro Per, in any Court at any time. With respect to Rule SCR 182, as defined by Nevada Supreme Court ORDER No. 36173, against J. Michael Schaefer, Nevada Supreme Court ORDER 36173, labels J. Michael Schaefer as an Attorney for any Plaintiff filing filed by J. Michael Schaefer including Pro Se and as party in interest. J. Michael Schaefer is not qualified to file in any Court. Due to alleged Plaintiff J. Michael Schaefer wrongfully filing Complaint #2-15-cv-02017-RFB-

VCF as a non-qualified party, this Court has no subject matter jurisdiction, and Complaint #2-15-cv-02017-RFB-VCF should be dismissed.

Alleged Plaintiff J. Michael Schaefer is a party that is not qualified to file in any Nevada Courts due to Nevada Supreme Court Order # 36173. Anything that Alleged Plaintiff J. Michael Schaefer states or accuses should not be considered due to Alleged Plaintiff J. Michael Schaefer's record, please see Nevada Supreme Court Order # 36173. This Court should dismiss Complaint #2-15-cv-02017-RFB-VCF due to:

1. Alleged Plaintiff attempts to usurp the need for a Corporate Attorney via an assignment.

2. Alleged Plaintiff J. Michael Schaefer is not qualified to file in any Court due to Nevada Supreme Court Order #36173.

<u>Conclusion:</u>

Opposing Party Stephen Hundley has provided grounds in this Motion to Dismiss, by which this Court may grant Remedy as Relief. All defenses or arguments presented in this Motion to Dismiss are exclusive of each other, and should be considered and weighed individually.

Alleged Plaintiff J. Michael Schaefer has a history of obstructing the proper administration of Justice. Alleged Plaintiff J. Michael Schaefer is not only **NOT qualified** to file in any Nevada Courts, but attempts to **create** **"complete diversity" via an assignment**, along with usurping well documented case law, that **a Corporation must have duly licensed legal counsel.** Alleged Plaintiff **J. Michael Schaefer is a resident of Nevada along with Schaefer-Nevada Inc. and has "domicile"** at 3930 Swenson St #103, Las Vegas, NV, 89119. Alleged Plaintiff **J. Michael Schaefer denies the "local action doctrine"** in an attempt to bypass alleged Plaintiff J. Michael Schaefer's need for an attorney, and the local Courts understanding of alleged Plaintiff **J. Michael Schaefer's inability to file in any Nevada Court** due to Nevada Supreme Court

Order 36173. Alleged Plaintiff J. Michael Schaefer was made aware by the lower Courts that the real party in interest is Tonopah Asset Management Inc. Alleged Plaintiff **J. Michael has always treated Tonopah Asset Management Inc. as a Corporation, along with all vendors in the local area**. Alleged Plaintiff J. Michael Schaefer inconveniences Tonopah Asset Management Inc., its officers, Opposing Party Stephen Hundley along with Paul Valdez and proposed witnesses, due to excessive time and travel to different venues, like this Court. *Complaint #2-15-cv-02017-RFB-VCF is a blatant attempt to deny proper access to the Courts and the administration of Justice by alleged Plaintiff J. Michael Schaefer due to impeding witness testimony that is pertinent to the inherent right of the Opposing Party Stephen Hundley to present a full and proper substantive defense.*

Opposing Party Stephen Hundley has shown, in the above mentioned arguments, the following grounds for a dismissal:

1. Alleged Plaintiff J. Michael Schaefer lacks "complete diversity".

2. Alleged Plaintiff J. Michael Schaefer attempts to create "complete diversity" by an assignment.

3. Tonopah Asset Management Inc., a Corporation by Estoppels, is the only party in interest in the Tonopah Apartments, and thus Paul Valdez and Opposing Party Stephen Hundley are wrongfully named in this Complaint.

4. Property Law or matters relating to Property, like land, are usually heard in the State Courts.

5. Considering the "local action doctrine" and the well known fact that alleged Plaintiff J. Michael Schaefer is NOT Qualified to file any Court this Complaint is filed in the wrong venue.

6. Alleged Plaintiff J. Michael Schaefer inconveniences Tonopah Witnesses due to excessive time and travel.

7. Tonopah Asset Management Inc provides a veil to Tonopah Asset Management Inc. officer's and stocks holders.

8. Alleged Plaintiff attempts to usurp the need of an Attorney for filing purposes in any Court due to:

   1. The alleged Plaintiff J. Michael Schaefer is disbarred, and acting pro se or pro per, which under Nevada Supreme Court Order 36173 is J. Michael Schaefer acting as an Attorney, and thus is NOT Qualified to file.

   2. A Corporation, like Schaefer-Nevada Inc., requires an attorney, and an assignment cannot usurp all of the Case Laws that provide grounds for such.

9. Alleged Plaintiff J. Michael Schaefer is NOT Qualified to file in any Court in Nevada due to Nevada Supreme Court Order 36173 in matters where Alleged Plaintiff J. Michael Schaefer acts pro se, pro per, power of attorney.

Due to alleged Plaintiff J. Michael Schaefer's fatally flawed filing, this Court lacks subject matter jurisdiction, jurisdiction in personam, and jurisdiction in rem. Opposing Party Stephen Hundley, appears by Special Appearance only to contest the Jurisdiction of this Court.

**Remedy:**

With the above mentioned arguments considered, Opposing Party Stephen Hundley has provided grounds, for which this Court may grant the Remedy of a dismissal of Complaint #2-15-cv-02017-RFB-VCF as Relief.

Dated: _11_ /_16_ / _2015_

_S. Hundley_

Stephen Hundley, Opposing Party

Pro Per

# PRIORITY
## ★ MAIL ★

▦ **DATE OF DELIVERY SPECIFIED*** 

📶 **USPS TRACKING™ INCLUDED***

$ **INSURANCE INCLUDED***

🚚 **PICKUP AVAILABLE**

**\* Domestic only**



**PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT OF THE RETURN ADDRESS, FOLD AT DOTTED LINE**

### CERTIFIED MAIL®

7015 1730 0000 9855 2520

P·S00001000014

**EP14F July 2013**
**OD: 12.5 x 9.5**

# PRIORITY
## ★ MAIL ★

 **UNITED STATES POSTAL SERVICE®**

**VISIT US AT USPS.COM®**
ORDER FREE SUPPLIES ONLINE

**FROM:** STEPHEN HINDLEY
3685 S STEWART MNT RD
GOLDEN VALLEY AZ 86413

**TO:** CLERK OF DISTRICT CT.
333 LAS VEGAS BLVD #1334
LAS VEGAS NV. 89101

Label 228, July 2013          FOR DOMESTIC AND INTERNATIONAL USE

**VISIT US AT USPS.COM®**
ORDER FREE SUPPLIES ONLINE

 **UNITED ST POSTAL SE**