UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| J. MICHAEL SCHAEFER,<br><br>Plaintiff,<br><br>v.<br><br>STEPHEN HUNDLEY,<br><br>Defendants. | Case No. 2:15-cv-02017-RFB-VCF<br><br>ORDER |

### I. INTRODUCTION

Before the Court are five motions filed by Plaintiff J. Michael Schaefer: Motion for Summary Judgment, ECF No. 71; Application for Entry of Summary Judgment, ECF No. 74; Motion to Strike the Response to the Motion for Summary Judgment, ECF No. 79; Motion for Order on Motion for Summary Judgment, ECF No. 80; and Motion for Telephonic Hearing, ECF No. 81.

### II. PROCEDURAL BACKGROUND

Schaefer sued Defendants Stephen Hundley and Paul Valdez on October 19, 2015. ECF No. 1. Schaefer voluntarily dismissed Valdez from this matter on March 11, 2016. ECF No. 11. After the denial of early dispositive motions, the Court afforded Schaefer an opportunity to file an amended complaint. ECF No. 23. Schaefer filed the Amended Complaint on September 29, 2019. ECF No. 26.

The Court recognizes that both Schaefer and Valdez proceed with a pro-se status in this matter. See docket generally. With the pro-se statuses in mind, the Court construes the Amended Complaint to allege three claims: (1) breach of contract; (2) conversion; and (3) breach of the

implied covenant of good faith and fair dealing. ECF No. 26. Hundley filed a counterclaim for fraudulent misrepresentation, ECF No. 35, and answered the Amended Complaint, ECF No. 48.

The Honorable Cam Ferenbach entered the Scheduling Order on July 2, 2018, ordering that discovery closed on October 30, 2018 and that dispositive motions were due by November 30, 2018. ECF No. 63.

Schaefer now moves for summary judgment and files four related motions. ECF Nos. 71, 74, 79–81. Hundley opposed the motion for summary judgment, albeit late, and Schaefer replied. ECF Nos. 77–78.

### III. LEGAL STANDARD

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014). If the movant has carried its burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts…. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation marks omitted). It is improper for the Court to resolve genuine factual disputes or make credibility determinations at the summary judgment stage. Zetwick v. Cty. of Yolo, 850 F.3d 436, 441 (9th Cir. 2017) (citations omitted).

### IV. DISCUSSION

To begin, the Court denies Schaefer's Motion to Strike the Response to the Motion for Summary Judgment. A "strong policy underlying the Federal Rules of Civil Procedure favor[s]

///

decisions on the merits." Eitel v. McCool, 782 F.3d 1470, 1472 (9th Cir. 1986).  Based on the policy and the parties' pro se statuses, the Court denies the Motion to Strike.

The Court now turns to the merits Schaefer's Motion for Summary Judgment, in which it appears that Schaefer argues for summary judgment on his breach of contract claim only.  Schaefer contends that: (1) the parties, through their respective corporations that are now dissolved, entered into a contract regarding the purchase of a property known as Tonopah Apartments; (2) the contract entitled him to monthly mortgage payments of $9,000 from Hundley; (3) Schaefer agreed to waive the mortgage payment from January 2015 to March 2015 provided that Hundley vacated the premises by March 31, 2015 without incident; and (4) Hundley breached the contract by remaining on the premise until September 1, 2015 and by removing approximately twenty-six HVAC units.  Schaefer does not seek to recover costs for the HVAC units or for the past-due property taxes Schaefer paid after taking possession of the property; he instead seeks $72,000—the total amount owed in mortgage payments from January 2015 to August 2015.  Schaefer attaches his own (unsigned) affidavit as evidence that the forgoing factual allegations are true and signs his motion.

Hundley opposes the motion.  He argues, in part, that the circumstances giving rise to the contract excuse his performance.  He specifically contends that the original contract is void based on Schaefer providing a clouded title rather than a title free and clear from other encumbrances.  Like Schaefer, Hundley swears that his statements are true and signs his opposition.

The Court finds a genuine issue of material fact precludes the entry of summary judgment.  Both parties submit factual summaries and attest to the veracity of their statements.  Both parties sign their motions when attesting to the truth of their statements.  One factual summary would guide the Court to find for Schaefer while the other factual summary would guide the Court to excuse performance of the contract on behalf of Hundley.  Further, it is not clear how the rights of the corporations transferred to the parties upon the dissolution of the corporations.  Based on the dispute of the factual circumstances and the lack of clarity regarding the parties' rights, the Court denies Schaefer's Motion for Summary Judgment.

Finally, the Court finds the instant order renders the remaining motions moot.  The Court therefore denies the Application for Entry of Summary Judgment, the Motion for Order on the

Motion for Summary Judgment, and the Motion for Telephonic Hearing. The Court orders the parties to submit a proposed joint pretrial order within thirty days from the filing of this decision.

**V. CONCLUSION**

**IT IS ORDERED** that Plaintiff J. Michael Schaefer's Motion for Summary Judgment (ECF No. 71) is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff J. Michael Schaefer's Application for Entry of Summary Judgment (ECF No. 74) is DENIED as moot.

**IT IS FURTHER ORDERED** that Plaintiff J. Michael Schaefer's Motion to Strike Response to Motion for Summary Judgment (ECF No. 79) is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff J. Michael Schaefer's Motion for Order on the Motion for Summary Judgment (ECF No. 80) is DENIED as moot.

**IT IS FURTHER ORDERED** that Plaintiff J. Michael Schaefer's Motion for Telephonic Hearing (ECF No. 81) is DENIED as moot.

**IT IS FURTHER ORDERED** that the parties file a joint proposed pretrial order within thirty days of the filing of this Order.

**IT IS FURTHER ORDERED** that the motion hearing set for June 20, 2019 at 1:30 PM is VACATED.

DATED: June 15, 2019.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**