J. MICHAEL SCHAEFER, JD
2173 Camino del Este #6401
San Diego, Ca. 92108
Tel. 213 479 6006
E: oz.blueman@yahoo.com
Plaintiff Pro Se



FILED _____  RECEIVED _____
ENTERED _____  SERVED ON _____
COUNSEL/PARTIES OF RECORD

DEC - 2 2019

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:_____DEPUTY

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

J.MICHAEL SCHAEFER

    Plaintiff

v.

STEPHEN HUNDLEY

    Defendant

CASE NO. 2:15-CV-02017-RFB-VCE

MOTION FOR RECONSIDERATION
OF ORDERS FILED 11/13/19 (SERVED
BY U.S.MAIL INTERSTATE); POINTS
AND AUTHORITIES

COMES NOW J.MICHAEL SCHAEFER, Plaintiff Pro Se moving for reconsideration of

his matters pending 11/13/19 at Motion Hearing ordered by the Court on a date

proposed by Defendant, only Plaintiff appearing.

## ORDER FOR COUNSEL UNSUPPORTED

ORDER requiring Plaintiff to "have three weeks from date of hearing, (or

December 3, 2019), to retain cocounsel in this matter or case shall be dismissed"

is draconian, unsupported by law, is opposed by doctrine of estoppel, and an abuse of

discretion as being a condition of plaintiff's access to the Court that is violative of

the Fourteenth Amendment, due process of law.

The Court must find that each party is an individual non-corporate litigant and is

1

entitled to be heard in a court of competent jurisdiction once the court has found jurisdiction pursuant to diversity statutes over the fictituous and misleadings pleadings of defendant claiming unidentified Nevada residence and defrauding the Court by claiming to be a mere visitor to Arizona in pursuant of a LDS mission of youth advocacy.

Plaintiff is appearing not as Schaefer-Nevada, Inc., but as former owner of the corporation which was formally dissolved with the Secretary of State prior to commencement of this action leaving plaintiff as heir and sole interested party as to personal claims against defendant Hundley for settling a dispute providing ownership and operation of rental property in Nye and Esmeralda County for delivery by Hundley, as managing party and sole owner, to Schaefer as sole owner and heir of former corporation, to be precisely on April 1, 2015 per numerous written averments of Hundley upon which Schaefer justifiably relied.

The property was transferred to Schaefer, individually, on October 1, 2015, 7 months deferred, Hundley repudiating excess of $75,000 in written monthly payments on a substantial first mortgage note held by Schaefer(the note and lien itself merging with fee simple title upon convenance of same as of October 1, 2015). And estimated $30,000 in misappropriation of airconditioning/heating appliances from most of the 114 rental units on premises at Hundley time of purchase and at time of written agreement to return said real and personal property to Schaefer on precise date of April 1, 2015 in event ongoing sale efforts were unsuccessful. And today is basis of Schaefer personal

2

available.    Griffin v. Oceanic Contractors, Inc. 458 U S 564, 575 (1982)

**HUNDLEY DISRESPECTFUL TO THE COURT**

The Court set a hearing in this matter, MANDATING that parties appear or face issue-sanctions, dismissal or default.  In September, Schaefer duly appeared, Hundley FAILED TO APPEAR, unknown to Schaefer had advised the court that he had "Car Trouble".    If he submitted an affidavit of a 3rd party, or documents indicating repair or garage assistance, this might be credible emergency.   Schaefer submits that

Hundley was "playing the Court like violin".   The Court responded by INVITING HUNDLEY to chose the continued date.  Hundley chose November 13, 2019 at 11am, and the Court so-ordered, threatening Issue Sanctions.

On the appointed date, Schaefer came from San Diego to appear,  the Court advised that "Mr. Hundley had car troubles and we will proceed without him" as to a calendar listing several motions concerning both parties.    Schaefer finds that defendant has credibility issues, and does not take the Court seriously; and that the Court should grant judgment to Mr. Schaefer, as named party, against Mr. Hundley, as named party, and leave the parties to a settlement.

Mr. Hundley communicated with the Clerk WITHOUT including notice to Mr. Schaefer, as he always does in any email to the Clerk.   Mr. Schaefer was stunned to find the Judge well aware of the "car trouble" Hundley(Pavlov's Dog) routine defense, Mr. Schaefer was **clueless.**  And questions Hundley credibility..

5

Mr. Hundley retained Vernon Albright major Las Vegas litigation firm to represent him in Nevada Court, and he ended up stipulating to a total loss, settling all title issues which prevents his raising them all over gain here---when the only issues is not title, but repudiation of agreed upon (by the individual parties here) an April 1, 2015 surrender, with the misappropriation of unattached appliances and repudiation of promised $9,000 debt service(and operating expenses),  all of which  ignored and undisclosed, with the Schaefer reservation-of-rights(without prejudice) saving that to a later day. The Court must recognize prejudial delay in YEARS.  And if this -order, not in reponse to motion of any party, is not set aside, we have an unfair absurd result of destroying a claim on basis of costs rather than merit.  This is unfair, unjust and unconstituional. WHEREFORE, on reconsideration of the late-date total changing of the relationship of the case favors to repudiating party and prejudices the compliant procedurally, the only party(Schaefer) who sought to file a Joint Preconference Report per Order.   Let a depositive motion be granted with party's postjudgment remedies.

Date:  November 30, 2019          Respectfully,

J. MICHAEL SCHAEFER, JD
Plamtiff Pro Se

**CERTIFICATE OF SERVICE:**

COPY of pleading served 11/30/19 on adverse party addressed:

STEPHEN HUNDLEY, 3685 Stewart Mountin Rd., Golden Valley, AZ 86413

## BUSINESS ENTITY AND MARK SEARCH RESULT

| Name | Status | Filing Date | Type | NV Business ID | Entity Number | Mark Number | Actio |
|------|--------|-------------|------|----------------|---------------|-------------|-------|
| SCHAEFER-NEVADA, INC. | Dissolved | 04/28/2004 | Domestic Close Corporation (78A) | NV20041458822 | C11370-2004 | | M: |

**Page 1 of 1, records 1 to 1 of 1**

<

Return To Search