**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| J. MICHAEL SCHAEFER,<br><br>  Plaintiff,<br><br>  v.<br><br>STEPHEN HUNDLEY,<br><br>  Defendant. | Case No. 2:15-cv-02017-RFB-VCF<br><br>**ORDER** |

At a scheduled hearing on November 13, 2019, the Court instructed Plaintiff J. Michael Schaeffer to retain counsel within three weeks from the date of the hearing or the case would be dismissed. ECF No. 108. Rather than retain counsel as the Court requested, Plaintiff proceeded to file a motion for reconsideration of the Court's order.

"Whether or not to grant reconsideration is committed to the sound discretion of the court." Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003). However, "a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation and citation omitted). A motion for reconsideration "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Id. (internal quotation and citation omitted). Moreover, "[m]otions for reconsideration

are disfavored. A movant must not repeat arguments already presented unless (and only to the extent) necessary to explain controlling, intervening law or to argue new facts. A movant who repeats arguments will be subject to appropriate sanctions." LR 59-1.

The Court declines to reconsider its order. In the course of reviewing several of the convoluted motions by the parties and potentially preparing the case for trial, it became clear that Plaintiff was seeking to vindicate or rely upon legal claims belonging to a Nevada corporation, Schaefer-Nevada, Inc., without counsel.

The Court incorporates by reference its previous findings on the record and makes the following factual findings in connection with this motion. Plaintiff initiated this litigation with a complaint in which he alleged that he was the "unequivocal and total assignee" of an "active" Nevada corporation, Schaefer-Nevada, Inc. Pl.'s Compl., ECF No. 1, at 1 – 2.  In his complaint he sought to assert claims based upon legal rights or claims that belong to this corporation but had been "assigned" to him. At the time of the filing of the original complaint, Plaintiff was an officer of the corporation. The Court provided Plaintiff with various opportunities to clarify his claims. Specifically, it was brought to Plaintiff's attention through the filings of the Defendant and the Court that counsel was required for corporations to proceed in federal court in this circuit. See United States v. High Country Broad. Co., Inc., 3 F.3d 1244, 1245 (9th Cir. 1993) ("A corporation may appear in federal court only through licensed counsel."); see also 28 U.S.C. § 1654. Plaintiff subsequently filed an amended complaint. In his amended complaint, ECF No.26, Plaintiff then asserted that he was the "assignee of the interests of a *dissolved* Nevada corporation." (emphasis added). He attached to his amended complaint an unauthenticated purported assignment agreement, to which he is not a signatory, that is dated October 19, 2015—the date on which Plaintiff filed his original complaint and at a time when the corporation had not yet (allegedly)

2

been dissolved. The claims brought by Plaintiff are claims of the corporation and the corporation, through Plaintiff as an officer, had previously attempted to seek a resolution of its disputes with the defendants before this litigation was initiated.

The Court again finds that Plaintiff may not proceed in this action without representation of counsel. First, as the Court has noted, a corporation may only proceed in federal court when represented by counsel. The initiation of this litigation and the purported assignment of interest in this case occurred at a time when the corporation was active and not dissolved. The Court finds that Plaintiff cannot blatantly disregard the requirement for counsel under federal law by seeking, while serving as an officer, to dissolve the corporation subsequent to the purported assignment. See Gottlieb v. Alphabet Inc., No. 5:17-cv-06860, 2018 WL 2010976, (N.D. Cal. 2018) (dismissing case in which pro se litigant assigned corporation's interest to himself to avoid being required to retain counsel); aff'd on same grounds in Gottlieb v. Alphabet, Inc., 787 F.App'x 477 (9th Cir. 2019).

Moreover, the alleged dissolution of the corporation does not alter this Court's holding. Nevada law allows for post-dissolution suits by or against dissolved corporations. Nev. Rev. Stat. § 78.585. When a corporation is dissolved under Nevada law, the dissolved corporation's directors become trustees for the dissolved corporation. Nev. Rev. Stat. § 78.590. But those suits still require the presence of licensed counsel to litigate on behalf of those trustees. See C.E. Pope Equity Tr. v. U.S., 818 F.2d 696, 698 (9th Cir. 1987) (non-attorney trustees may not represent themselves in federal court). Schaeffer does not allege or purport to be a trustee of the dissolved corporation.

Furthermore, the Court finds that any alleged assignment under Nevada law is not effective to overcome the requirement of counsel in this case. Under Nevada law, a corporate interest cannot be assigned for the purpose of circumventing Nevada's requirement that corporations must be

represented by counsel in state court. Sunde v. Contel of California, 915 P.2d 298, 299 (Nev. 1996)(holding that corporation cannot assign its interest to a corporate officer to avoid requirement that corporation may only be represented by counsel in Nevada courts). Based upon the facts of this case, the Court finds it appropriate to apply Sunde to this case as it discourages forum-shopping and avoids the inequitable administration of laws. Hanna v. Plumer, 380 U.S. 460, 468-71 (1965)(explaining the dual aims in applying Erie doctrine). The Court thus finds on the facts of this case that Plaintiff, as a pro se litigant, may not circumvent federal law requiring counsel for the representation of corporate interests through a corporate assignment to himself.

The Court afforded Plaintiff an opportunity to retain counsel to continue with this litigation. The Court explicitly warned Plaintiff on November 13, 2019 that he must retain counsel or the case would be dismissed. Plaintiff has not retained counsel in this case. Plaintiff has presented no credible facts to alter the Court's findings regarding the requirement that he have counsel to proceed in this case. Accordingly, the Court finds that dismissal is warranted in this case. The case shall be dismissed, and all pending motions denied as moot.

For the reasons stated,

**IT IS ORDERED** that Plaintiff J. Michael Schaefer's Motion for Reconsideration (ECF No. 109) is DENIED. This case is dismissed.

**IT IS FURTHER ORDERED** that Defendant Stephen Hundley's Motion to Strike (ECF No. 111) is DENIED as moot.

**IT IS FURTHER ORDERED** that Defendant Stephen Hundley's Motion to Dismiss (ECF No. 112) is DENIED as moot.

**IT IS FURTHER ORDERED** that Plaintiff J. Michael Schaefer's Motion for Summary Judgment (ECF No. 117) is DENIED as moot.

/ / /

1         **IT IS FURTHER ORDERED** that Defendant Stephen Hundley's Motion to Strike (ECF
2  No. 121) is DENIED as moot.
3         **IT IS FURTHER ORDERED** that Defendant Stephen Hundley's Motion to Dismiss
4  (ECF No. 122) is DENIED as moot.
5         **IT IS FURTHER ORDERED** that Plaintiff J. Michael Schaefer's Motion to Return Case
6  Anew (ECF No. 126) is DENIED as moot.
7         **IT IS FURTHER ORDERED** that Plaintiff J. Michael Schaefer's Motion for Summary
8  Judgment (ECF No. 127) is DENIED as moot.
9         **IT IS FURTHER ORDERED** that Plaintiff J. Michael Schaefer's Motion/Exhibit re:
10 Parties (ECF No. 128) is DENIED as moot.
11        **IT IS FURTHER ORDERED** that Plaintiff J. Michael Schaefer's Motion for Judgment
12 is DENIED (ECF No. 130) is DENIED as moot
13        The Court dismisses this case and instructs the Clerk of the Court to close the case.
14        DATED: May 27, 2020.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**